Filed 4/15/25  P. v. Payne CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B325436 consolidated with B333501 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA004575) |
| v. | |
| MYRON ATTRICE PAYNE, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, David W. Stuart, Judge.  Reversed and remanded with instructions.

Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

In these consolidated appeals, appellant Myron Payne contends the court erred by summarily denying his petition for resentencing under Penal Code section 1172.6[1] and his motion for a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*). Respondent Attorney General argues that the section 1172.6 petition is procedurally barred as successive, but concedes the matter should be remanded for proper consideration of the *Franklin* motion. We reverse both orders and remand for further proceedings.

## BACKGROUND

### I. Conviction

On November 19, 1992, the People filed an information charging appellant and codefendant Samuel Braccey with the June 1992 murder of William Gillard (§ 187, subd. (a)). The information also charged Braccey with the attempted murder of Michael Gillard (§§ 187, subd. (a), 664). It alleged that appellant personally used a firearm during the murder, and Braccey personally used a firearm during the attempted murder. (§ 12022.5, subd. (a).)

On August 12, 1993, appellant pled guilty to first degree murder and admitted the firearm allegation. The trial court sentenced him to 25 years to life for the murder plus a consecutive term of three years for the enhancement. Appellant was 18 years old at the time of the crimes and 19 years old at the time of his plea and sentence.

---

[1] Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.) All further undesignated statutory references are to the Penal Code.

The only information in the appellate record regarding the factual circumstances of the crimes is contained in a post-sentence probation report dated August 25, 1993. The probation report states that, "according to District Attorney information," appellant and Braccey, both armed with handguns, broke into victim William Gillard's residence to steal cash. Appellant fatally shot William after an altercation, while Braccey nonfatally shot William's son, Michael. Appellant denied committing the crime and stated that he pled because he had the gun and "my crimey rolled over on me."

## II.    Resentencing Petitions

### A.    First Petition

In January 2019, immediately after Senate Bill No. 1437 took effect, appellant filed a petition for resentencing (first petition). The first petition is not in the appellate record.

On January 16, 2019, the trial court, Judge Daviann Mitchell, summarily denied the first petition. The order states in relevant part:

"The court has received and reviewed a petition for recall and resentencing pursuant to Penal Code section 1170.95. The petition is summarily denied because the petitioner is not entitled to relief as a matter of law, for the following reason:

"[XX] The petitioner was convicted of murder but the court file reflects that the petitioner was the actual killer and was not convicted under a theory of felony-murder of any degree, or a theory of natural and probable consequences. There are no jury instructions for aiding and abetting, felony murder, or natural and probable consequences.

"In fact, on August 12, 1993, the petitioner plead [*sic*] to count 1, first degree murder in violation of Penal Code section

187, and admitted that he personally used a firearm during the commission of the crime pursuant to Penal Code section 12022.5(a).  (Minute order dated August 12, 1993)."

Appellant did not appeal the order denying the first petition.

### B.    Second Petition

#### 1.    Petition

On December 8, 2020, appellant filed a second petition for resentencing under section 1172.6 (second petition).  Appellant alleged he was charged with felony murder and accepted a plea offer "based on Ineffective Assistance of Counsel."  He further alleged that he was "refiling the instant petition" because the trial court erroneously denied the first petition "on the grounds that, I was not convicted on the theory of felony murder, and because I accepted a plea."  Appellant asserted that "the trial court cannot re-write the law as was enacted by the California Legislature, which such plain language and intent the legislature made plea's deal's [*sic*] applicable to Penal Code sec 1170.95, supra, as the prior petition I attempted to file."  He requested that the trial court vacate its order denying the first petition, appoint counsel, and hold an evidentiary hearing.

Appellant attached several documents to the second petition, including the abstract of judgment, the court's January 16, 2019 order denying the first petition, and the text of Senate Bill No. 1437.  He also attached a personal declaration in which he raised various complaints about his arrest, pre-trial detention, interrogation, alleged ineffective assistance of trial counsel, alleged bait-and-switch on what he claims was a 12-year plea offer, and excessive sentence.  Appellant also asserted that he was factually innocent and "there was no meaningful, nor <u>factual</u>

4

<u>basis</u> for a guilty plea." He stated that "the alleged crime occurred exactly 3 months & 3 days after my 18th birthday." Appellant did not attach the probation report or a preliminary hearing transcript, nor did he provide any other information about the facts of the crime.

### 2. Request for Ruling and Appeal

For reasons unclear from the appellate record, it appears no timely action was taken on the second petition. On September 22, 2021, approximately nine months after he filed the second petition, appellant filed a "Motion and Request for Response to Petition for Resentencing Pursuant to Penal Code § 1170.95/Senate Bill 1437." Appellant asserted that he filed a facially sufficient petition, requested counsel, and "made a proper 'prima facie' showing of entitlement to relief." He further asserted that the "failure and/or refusal to respond to petitioner's properly filed petition in a timely manner . . . has the possibility of prejudice to defendants [*sic*] entitled relief and the requested appointment of counsel." He requested a response "forthwith."

The court did not act upon the Request for Response. On September 12, 2022, appellant filed a notice of appeal from the denial of the second petition, even though the petition remained pending.

### 3. Ruling

On October 11, 2022, the trial court, Judge David Stuart, held a hearing on appellant's *Franklin* motion, discussed *post*. During that hearing, appellant asked the court for a copy of "the most recent denial of 1170.95." The court informed him, "[t]here is only one denial. So if there is another 1170.95 pending, I'm going to deny that since it's already been ruled upon." The minute order documenting the hearing states: "Defendant's

5

Motion and Request for Response to Petition for Resentencing Pursuant to Penal Code 1170.95/Senate Bill 1437 filed on 9/22/21 is denied for the reasons previously denied on 1/16/19 (refer to minute order dated 1/16/19)." During a May 10, 2023 hearing on appellant's *Franklin* motion, see *post*, the trial court orally clarified that it previously had denied the second petition.

### 4. Appeals

On May 4, 2023, the court of appeal dismissed appellant's September 12, 2022 notice of appeal without prejudice as premature. Remittitur issued on July 10, 2023.

On August 28, 2023, appellant filed a notice of appeal purporting to appeal from the remittitur and denial of the second petition. After conducting "further review of the trial court's minute orders," the court of appeal concluded that the trial court denied the second petition on October 11, 2022, while appellant's original notice of appeal was pending. Because an appealable order was entered while the appeal was pending, the court recalled the remittitur and permitted appellant's appeal from the denial of the second petition to proceed.

## III. *Franklin* Filings

### A. Habeas Petition and Ruling

On January 23, 2020, appellant filed a petition for writ of habeas corpus.[2] In addition to seeking withdrawal of his guilty plea and arguing that the parole suitability criteria are irrational and arbitrary, appellant contended that he should have received a youth offender parole hearing and *Franklin* hearing.

---

[2] Appellant initially filed the petition in Kings County on December 2, 2019. It was transferred to Los Angeles County and refiled on January 23, 2020.

In a written order filed February 28, 2020, the trial court, Judge William Ryan, denied the petition for writ of habeas corpus. As relevant here, the trial court concluded appellant was not entitled to a youth offender parole hearing, because he received a parole suitability hearing on January 14, 2015, prior to his twenty-fifth year of incarceration. To the extent appellant sought a *Franklin* hearing to present evidence regarding his characteristics and circumstances at the time of the offense, the court concluded that a petition for writ of habeas corpus was not the appropriate vehicle for such a request. It therefore denied the request "without prejudice to him filing a proper motion under Penal Code section 1203.1 [*sic*]."[3]

## B.    Section 1203.01 *Franklin* Motion and Ruling

On April 27, 2020, appellant filed a motion for a *Franklin* hearing pursuant to section 1203.01. Appellant attached evidence that he had engaged in and completed rehabilitative programming during his incarceration. In July 2020, the trial court appointed counsel to represent appellant in connection with the *Franklin* motion.

Proceedings on the section 1203.01 motion were continued numerous times. During a June 28, 2023 hearing, the trial court, Judge David Stuart, denied the *Franklin* motion on the grounds that it had already been decided and denied by Judge Ryan on February 28, 2020.

Appellant timely appealed the ruling. This court consolidated the appeal with appellant's previous appeal from the order denying his second petition for resentencing.

---

[3]    The relevant statutory provision is section 1203.01, not section 1203.1.

7

## DISCUSSION

### I. Section 1172.6 Petition

Appellant contends that the trial court erred by summarily denying his second 1172.6 petition. He argues that the second petition was not successive because new authorities clarified that a guilty plea to murder does not bar relief and that youth is a significant factor in determining whether someone convicted under a felony murder theory acted with the requisite mens rea. Appellant also argues that the record of conviction does not conclusively foreclose his eligibility for relief. Respondent contends appellant's second petition was procedurally barred, because the trial court denied appellant's first petition on the merits and appellant did not challenge that ruling on appeal. We review de novo whether the trial court properly denied appellant's section 1172.6 petition without issuing an order to show cause. (*People v. Coley* (2022) 77 Cal.App.5th 539, 545; *People v. Harrison* (2021) 73 Cal.App.5th 429, 437.)

Under section 1172.6, "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts" if "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a) and (a)(3).) The statute requires the petition to include a declaration by the petitioner that he or she is eligible for relief,

8

certain case information, and whether the petitioner requests appointment of counsel. (§ 1172.6, subd. (b)(1).) A petition that meets these criteria "is facially sufficient and entitles the petitioner to counsel." (*People v. Patton* (2025) 17Cal.5th 549, 559 (*Patton*).)

Appellant's second petition facially met the "minimal compliance requirement[s]" of section 1172.6, subdivision (b). (*Patton*, *supra*, at p. 562.) The court accordingly was required to appoint counsel for appellant, allow briefing by the parties, and hold a hearing to assess whether appellant established a prima facie claim for relief. (§ 1172.6, subds. (b)(3), (c); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Denying appellant's petition without meeting these requirements was error.

This error is subject to harmless error analysis under *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lewis*, *supra*, 11 Cal.5th at pp. 957–958 [failure to appoint counsel under § 1172.6, subd. (b)(3) is "state law error only, tested for prejudice under [*Watson*]"], 974.) Thus, reversal is required only if appellant can show a reasonable probability that, absent the error, his petition would not have been summarily denied. (See *id.* at pp. 972-974; *People v. Daniel* (2020) 57 Cal.App.5th 666, 676.) Conversely, the error is harmless if the record of conviction refutes appellant's prima facie showing and establishes as a matter of law that he is not entitled to relief. (See *Lewis*, *supra*, 11 Cal.5th at pp. 971-974; *People v. Harden* (2022) 81 Cal.App.5th 45, 47-48.)

Respondent contends that the petition was barred by the doctrine of collateral estoppel and properly denied as successive. We disagree. "Neither the express language of section [1172.6] nor the stated purpose of the legislation supports limiting access to relief under section [1172.6] as advocated by respondent

where, as here, the subsequent petition rested on new authority which challenged the basis for the superior court's summary denial of the previous petition." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 946-947.) "[J]udicial interpretations of section [1172.6] may afford a petitioner grounds for claiming eligibility for relief under the statute that were not previously available under other judicial interpretations." (*Id*. at p. 951.)

Here, the trial court denied appellant's first petition less than three weeks after the statute took effect, apparently concluding that his plea established he was the actual killer. At that time, there was no published case law interpreting or clarifying the nascent statutory provision. By the time appellant filed his second petition on December 8, 2020, however, appellate courts had begun to clarify that "section 1170.95 is available to defendants convicted of murder following a plea in lieu of trial." (*People v. Rodriguez* (2020) 58 Cal.App.5th 227, 239, vacated by *People v. Rodriguez* (Dec. 22, 2021, S266652); see also *People v. Paige* (2020) 51 Cal.App.5th 194, 202.) Although his second petition, which he filed in propria persona, did not cite any specific cases, appellant clearly stated that "plain language and intent of the legislature made plea's deal's [*sic*] applicable to Penal Code sec 1170.95," and asserted that the court erred in summarily denying his first petition. Appellant's second petition rested at least in part on new developments in the law and accordingly should not have been denied as successive.[4]

---

[4] As appellant points out in his brief, even more authority supporting his second petition existed by the time the court made its ruling in October 2022, including that relating to the relevance of youth at the time of the offense.

In light of the drastic changes to the legal landscape by the time appellant's second petition was filed and denied, we conclude that the trial court's failure to comply with the requirements of section 1172.6, subdivisions (b) and (c) was not harmless and requires remand. We will not, however, direct the trial court to issue an order to show cause and hold an evidentiary hearing, as appellant requests. Because the court failed to appoint counsel for appellant and received no briefing or argument from the parties, the record does not demonstrate the court made an adequate inquiry concerning whether appellant's second petition establishes a prima facie case for relief under section 1172.6, subdivision (c). We decline to perform this statutorily mandated task for the first time on appeal.

We reverse the order denying appellant's section 1172.6 petition, with directions to the trial court to appoint counsel for appellant and proceed as required pursuant to section 1172.6, subdivision (c).  We express no view as to whether appellant has established a prima facie case for section 1172.6 relief.

## II.   *Franklin* **Motion**

Appellant contends—and respondent concedes—that the trial court erred by summarily denying his *Franklin* motion as successive.  We agree and reverse to provide the trial court the opportunity to consider the motion on the merits.

Penal Code sections 3051 and 4801 "provide a parole hearing during the 25th year of incarceration for certain juveniles sentenced as adults."  (*In re Cook* (2019) 7 Cal.5th 439, 446 (*Cook*).)  The Supreme Court held in *Franklin, supra*, 63 Cal.4th at p. 283, that these statutory provisions "also contemplate that information regarding the juvenile offender's characteristics and circumstances at the time of the offense will be available at a

youth offender parole hearing to facilitate the Board's consideration." As *Franklin* was a direct appeal, the Supreme Court remanded the matter to provide defendant Franklin with "sufficient opportunity to put on the record the kinds of information that sections 3051 and 4801 deem relevant at a youth offender parole hearing," and the prosecution a similar opportunity to offer evidence "that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors." (*Id.* at p. 284.) The court explained that the "goal of any such proceeding is to provide an opportunity for the parties to make an accurate record of the juvenile offender's characteristics and circumstances at the time of the offense so that the Board, years later, may properly discharge its obligation to 'give great weight to' youth-related factors (§ 4801, subd. (c)) in determining whether the offender is 'fit to rejoin society' despite having committed a serious crime 'while he was a child in the eyes of the law' (citation)." (*Ibid.*)

In *Cook*, the Supreme Court held that persons who are entitled to a youth offender parole hearing but whose convictions were final prior to *Franklin* may "seek the remedy of evidence preservation" by filing a "motion in the trial court for that purpose, under the authority of section 1203.01." (*Cook*, *supra*, 7 Cal.5th at p. 447; *id.* at p. 458 ["the proper avenue is to file a motion in superior court under the original caption and case number, citing the authority of section 1203.01 and today's decision"].) The court further clarified that the trial court has significant discretion in ruling on such motions, and may consider "whether a *Franklin* proceeding is likely to produce fruitful evidence considering such factors as the passage of time and whether the offender has already benefitted from the factfinding

12

procedures set forth in section 3051, subdivision (f)(1) and (2) with the assistance of appointed counsel (citations)." (*Id.* at p. 459.) We review the trial court's ruling on a section 1203.01 *Franklin* motion for abuse of discretion. (See *People v. Benzler* (2021) 72 Cal.App.5th 743, 749-750.)

Here, appellant initially sought a *Franklin* hearing through the improper procedural vehicle of a petition for writ of habeas corpus. The trial court denied the request without prejudice to appellant refiling his request under section 1203.01 in accordance with *Cook*. When appellant subsequently filed a section 1203.01 motion, the trial court summarily denied it on the sole ground that it had been previously denied. This was error; the merits of the section 1203.01 motion had not yet been considered. (See, e.g., *People v. Strong* (2022) 13 Cal.5th 698, 716 [collateral estoppel applies in criminal proceedings, but only where the previous decision was final and on the merits].)

We accordingly reverse the order denying appellant's section 1203.01 *Franklin* motion and remand to provide the trial court the opportunity to address the motion on its merits. We express no opinion as to those merits or how the court should exercise its discretion in connection with the motion.

## DISPOSITION

The order denying appellant's section 1172.6 petition filed December 8, 2020 is reversed. The order denying appellant's section 1203.01 *Franklin* motion is also reversed. The matter is remanded with directions that the trial court (1) appoint counsel and perform the prima facie inquiry required by section 1172.6, subdivision (c) and (2) address the merits of appellant's section 1203.01 *Franklin* motion.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



COLLINS, J.


We concur:


ZUKIN, ACTING P. J.



DAUM, J.*

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.